IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| HARVEY ROSS                                    * | |
|         Petitioner, | |
| v.                                             * | CIVIL ACTION NO. DKC-16-237 |
| PENTAGON FEDERAL CREDIT UNION   * | |
| WILLIAM R. FELDMAN | |
| ADRIAN A. CURTIS                               * | |
| THE HON. TONIE E. CLARKE | |
|         Respondents.                    * | |

*****

# MEMORANDUM OPINION

On September 10, 2014, Harvey Ross ("Ross") and three other named Plaintiffs, residents of Oxon Hill and Windsor Mill, Maryland, filed a fee-paid, self-represented Complaint under the Court's 28 U.S.C. § 1331 federal question jurisdiction, alleging that Defendants Pentagon Federal Credit Union, William R. Feldman and Adrian A. Curtis committed wrongful acts involving the foreclosure of real property in Prince George's County, Maryland. *See Ross, et al. v. Pentagon Federal Credit Union, et al.*, Civil Action No. PWG-14-2880 (D. Md.).[1] The case was summarily dismissed with prejudice on November 21, 2014, for lack of subject matter jurisdiction. *Id*. at No. 2.

On January 27, 2016, Ross filed the above-captioned case,[2] titled as a "Petition for a Preemptory Writ of Mandamus."[3] ECF No. 1. Ross claims that he is entitled to relief from all state

---

[1] Plaintiffs sought emergency temporary and permanent injunctive relief, declaratory relief, and compensatory, special, general and punitive damages. They raised several counts, citing to breach of oral contract, breach of written contract, wrongful foreclosure, slander of title, quiet title, cancellation of instrument, promissory estoppel, negligence, negligent misrepresentation, fraud, unfair business practices, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and violation of Maryland's Consumer Protection Act. *See Ross, et al. v. Pentagon Federal Credit Union, et al.*, Civil Action No. PWG-14-2880 (D. Md.) at ECF No. 1 at pp. 1-25 & 29-32.

[2] The Petition was accompanied by a Motion to Proceed without Prepayment of the Fees or Costs. ECF No. 2. Given the combined monthly income of both Ross and his spouse and the failure to file a complete indigency application, the Court questions whether Ross' submission satisfies in forma pauperis requirements. Nonetheless, the Motion shall be granted.

court judgments and that Judge Tonie E. Clarke has failed to remain impartial or fair in rendering decisions. He requests that the court issue a writ of mandamus to compel Prince George's County Circuit Court Judge Clarke to vacate her judgment awarding possession of his property, issue an injunction preventing him from losing possession of the property, issue a dismissal order of the foreclosure petition filed on the state court docket by "Defendants," and award the relief sought in the state court case.[4]  *Id*. at pp. 3-4.

Title 28 U.S.C. § 1361 confers "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States to perform a duty owed to the plaintiff." Mandamus is a drastic remedy and should only be used in extraordinary circumstances. *See Kerr v. United States Dist. Court,* 426 U.S. 394, 402 (1976); *In re Beard,* 811 F.2d 818, 826 (4th Cir. 1987). Moreover, a federal court does not have jurisdiction over state entities or employees in an action for writ of mandamus. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969); *see also AT & T Wireless PCS v. Winston-Salem Zoning Bd. of Adjustment,* 172 F.3d 307, 312 n. 3 (4th Cir. 1999). This court has no authority to provide the relief sought by Ross.

Date: February 1, 2015.                            /s/
                                                   DEBORAH K. CHASANOW
                                                   United States District Judge

---

[3]  As this case was filed as a Petition for Mandamus Relief, the parties shall be designated as Petitioner and Respondents.

[4]  Ross is apparently referring to the state court foreclosure case of *Feldman v. Moye*, CAE13-08222 (Circuit Court for Prince George's County), which was originally filed on March 18, 2013. The docket shows that on May 12, 2014, Judge Clarke issued an opinion which denied the request for dismissal of the case and directed that the case continue in due course. *Id*. Judge Clarke issued omnibus opinions in September of 2014, and March, May and August of 2015. *Id*. Motions to recuse, vacate, for relief from judgment, and to stay eviction notice, filed from September 2015 through January 2016, remain pending. *Id*. *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?